IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAIEL NASSAR, M.D., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| UT SOUTHWESTERN HEALTH | § | CIVIL ACTION NO. 3:08-CV-1337-B |
| SYSTEMS a/k/a UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| PARKLAND HEALTH & HOSPITAL | § | |
| SYSTEM, BETH LEVINE, M.D., and J. | § | |
| GREGORY FITZ, M.D., | § | |
| | § | |
| *Defendants*. | § | |

## CHARGE OF THE COURT

**Members of the Jury:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of the attorneys are not evidence and not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question form the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of the credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon an opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take exhibits which the Court has admitted into evidence. Select your foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has give you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the caser unless the Court orders otherwise. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL § 1.1 (West 2009).

1. Dr. Nassar claims he was discriminated against because of his race, national origin, and religious preference.
2. UT Southwestern Medical Center denies Dr. Nassar's claims and contends that no such discrimination occurred.
3. It is unlawful for an employer to discriminate against an employee because of the employee's race, national origin, or religious preference.
4. To prove unlawful discrimination, Dr. Nassar must prove by a preponderance of the evidence that UT Southwestern Medical Center constructively discharged Dr. Nassar because of his race, national origin, or religious preference.
5. Dr. Nassar does not have to prove that unlawful discrimination was the only reason UT Southwestern Medical Center constructively discharged Dr. Nassar.
6. If you disbelieve the reason(s) UT Southwestern Medical Center has given for its decision, you may infer that UT Southwestern Medical Center constructively discharged Dr. Nassar because of his race, national origin, or religious preference. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL § 11.5.1 (West 2009).

**Question No. 1:**
**Did UT Southwestern Medical Center constructively discharge Dr. Nassar because of his race, religion, or national origin?**

Answer "Yes" or "No."

_____

1. If you have answered "Yes" to question 1, and if you have found that UTSW Medical Center violated Title VII, then you must determine whether the Defendant has caused Dr. Nassar damages and, if so, you must determine the amount, if any, of those damages.

2. Dr. Nassar must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Dr. Nassar need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances present.

3. You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; (2) punitive damages, and (3) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

4. Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of UT Southwestern Medical Center or had become an employee of Parkland Health and Hospital System and had been promoted, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, any Defendant proves by a preponderance of the evidence, Dr. Nassar received in the interim.

5. There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Dr. Nassar for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay or benefits.

6. Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.

7. In this case you may award punitive damages if Dr. Nassar proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act o practice was a managerial employee; (2) he or she engaged in the discriminatory acts or practices while acting in the course and scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Dr. Nassar's federal protected right to be free from discrimination.

8. If Dr. Nassar has proven these facts, then you may award punitive damages, unless the Defendant proves by a preponderance of the evidence that the conduct was contrary to the employer's good faith efforts to prevent discrimination in the workplace.

9. In determining whether Dr. Levine or Dr. Fitz was a "managerial employee" of UT Southwestern Medical Center, you should consider the type of authority these two physicians have over Dr. Nassar and whether the Defendant delegated employment decisions to Dr. Levine or Dr. Fitz.

10. An action was in "reckless indifference" to Dr. Nassar's federally protected rights if ti was taken in the face of a perceived risk that the conduct would violate federal law. Dr. Nassar is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that UT Southwestern Medical Center engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.

11. In determining whether UT Southwestern Medical Center made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the federal anti-discrimination laws, how it responded to Dr. Nassar's complaint of discrimination, and how it responded to other complaints of discrimination. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS CIVIL § 11.8 (West 2009).

**Question No. 2:**
**What sum of money, if paid now in cash, would fairly and reasonably compensate Dr. Nassar for the damages, if any, you have found the Defendant UTSW Medical Center caused Dr. Nassar?**

Answer in dollars and cents for the following items and none other:

Back pay and benefits:

_____


Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

_____

**Question No. 3:**

**Based on the evidence presented, do you find that Dr. Nassar should be awarded punitive damages?**

Answer "Yes" or "No."

_____


If you have answered "Yes" to Question No. 3, then answer the following question:

**Question No. 4:**

**What sum of money should be assessed against UT Southwestern Medical Center as punitive damages?**

Answer in dollars and cents:

_____


**Question No. 5:**

**What is a reasonable fee for the necessary services of Dr. Nassar's attorney in this case, stated in dollars and cents?**

    Answer with an amount for each of the following:

    a.    For preparation and trial.

Answer: _____

    b.    For an appeal to the United States Court of Appeals for the Fifth Circuit.

Answer: _____