**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAIEL NASSAR, M.D. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-1337-B |
| UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER AT DALLAS, | § § § § § | |
| Defendant. | § | |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 24 2010

CLERK, U.S. DISTRICT COURT
By_____/Deputy

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

### I. General Instructions

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict

regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, including any deposition testimony admitted, and the exhibits admitted in the record. The term "evidence" does not include anything that I have instructed you to disregard.

Evidence admitted before you for a limited purpose may not be considered for any purpose other than that limited purpose for which it was admitted. Specifically, you should recall that I instructed you that you are not bound by the determination or conclusions of the Equal Opportunity Employment Commission (EEOC). You may consider the EEOC's determination as evidence and assign it the weight you believe it carries. However, your verdict must be the result of your own evaluation of all of the evidence you heard in this courtroom.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did

not adopt, the assertion is not evidence of that fact.

You are not bound by any opinion which you might think I have concerning the facts of this case, and if I have in any way said or done anything which leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as by an eye witness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness, you should consider the witness' relationship to a particular party; the witness' interest, if any, in the outcome of the case; the

witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness' testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read or shown to you during trial. This deposition testimony is entitled to the same consideration and weighted and otherwise considered by you insofar as possible, in the same way as if the witness had been present and had testified from the witness stand in court.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is your exclusive

province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

The burden of proof in this case is by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim or defense by a "preponderance of the evidence" merely means to prove that the claim or defense is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, including deposition witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of a claim or defense by a preponderance of the evidence, the jury must find against the party with the burden of proof.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

In this charge "plaintiff" means plaintiff Dr. Naiel Nassar. "Defendant" means defendant University of Texas Southwestern Medical Center at Dallas.

As a government entity, defendant may act only through natural persons as its agents or employees. In general, any agent or employee of a corporation may bind the corporation by acts and

declarations made while acting within the scope of the authority delegated to the employee by the corporation, or within the scope of the person's duties as an employee of the corporation.

## II. Claims of the Parties

**Constructive Discharge on the basis of race, national origin, and religious preference.**

*42 U.S.C. § 2000 et seq. (Title VII)*

In answering Question No. 1, you are instructed as follows:

Plaintiff alleges that defendant constructively discharged him on the basis of his race, national origin, and religious preference.

UT Southwestern Medical Center denies Dr. Nassar's claims and denies any constructive discharge occurred.

A "constructive discharge" occurs when an employee resigns from employment because his employer made his working conditions so intolerable that a reasonable employee would feel compelled to resign. The standard is an objective one, not a subjective one. In other words, it is not enough that a particular employee felt compelled to resign, unless a reasonable employee, working in the same conditions, would also feel compelled to resign.

To establish this claim, plaintiff must prove each of the following essential elements:

> <u>First</u>, that the defendant made plaintiff's working conditions so intolerable that a reasonable employee would feel compelled to resign;
>
> <u>Second</u>, that plaintiff's race, national origin, or religious preference was a motivating factor in defendant's conduct; <u>and</u>
>
> <u>Third</u>, that the plaintiff in fact resigned.

To prove that his race, national origin, or religious preference was a motivating factor, plaintiff need not show that his race, national origin, or religious preference was the sole or even the primary motivation for defendant's conduct. The plaintiff need only prove that his race, national

origin, or religious preference played a motivating part in the defendant's conduct, even though other factors may also have motivated the defendant.

A plaintiff's generalized or conclusory testimony regarding his subjective belief that he was discriminated against on the basis of race, national origin, or religion is alone insufficient to constitute evidence of discrimination.

QUESTION NO. 1:

Was plaintiff constructively discharged because of his race, national origin, or religious preference?

> Instruction: Plaintiff has the burden of proof. If he has met his burden, answer "Yes;" otherwise, answer "No."

ANSWER:

*Yes*

**Retaliation for engaging in activity protected by Title VII**

*42 U.S.C. § 2000 et seq. (Title VII)*

In answering Question No. 2, you are instructed as follows:

Plaintiff alleges that defendant retaliated against him, in violation of Title VII, by defendant's blocking or objecting to his employment by Parkland because he engaged in protected activity.

In order to establish this claim, plaintiff must prove each of the following essential elements:

> First, that he engaged in protected activity;
>
> Second, that the defendant objected to or blocked the plaintiff's employment at Parkland ; and
>
> Third, that the defendant took that action against the plaintiff because of his engaging in protected activity.

Protected activity includes opposing an employment practice that is unlawful under Title VII, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation proceeding, or hearing under Title VII.

Plaintiff does not have to prove that retaliation was the defendant's only motive, but he must prove that the defendant acted at least in part to retaliate.

It is not a violation of the law, however, for an employer to make an employment decision based on factors other than the plaintiff's protected activity. The fact that an employer's business judgment--including subjective business judgment--may or may not have been fair or wise in your opinion, or that you may disagree with defendant's position, does not mean defendant unlawfully discriminated.

QUESTION NO. 2:

Did plaintiff prove that defendant retaliated against him by blocking or objecting to his employment by Parkland because he engaged in protected activity?

> Instruction: Plaintiff has the burden of proof. If he has met his burden, answer "Yes;" otherwise, answer "No."

ANSWER: _Yes_

## III. Instructions on Deliberations

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

In order to return a verdict your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge, you will retire to the jury room. I will send you the exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose,

shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

SO ORDERED

SIGNED: May 24, 2010

                                      JANE J. BOYLE
                                      UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing special issues in the manner indicated in this verdict form, and returned these answers into Court as our verdict.

DATE 5-24-2010

_____
FOREPERSON