IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAIEL NASSAR, M.D., <br><br> Plaintiff, <br><br> v. <br><br> UT SOUTHWESTERN HEALTH SYSTEMS a/k/a UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, <br><br> Defendant. | CIVIL ACTION NO. 3:08-CV-1337-B |

PLAINTIFFS' MOTION FOR RELIEF FROM THE JUDGMENT
OR, IN THE ALTERNATIVE, MOTION TO AMEND OR ALTER THE JUDGMENT

On September 16, 2010, this Court entered its Final Judgment in this case and indicated it "GRANTS Plaintiff's motion for entry of final judgment (doc. 148) in the amounts awarded by the jury, subject to the statutory limitation on compensatory damages."[1] However, in so ruling, the Court ordered that Defendant University of Texas Southwestern Medical Center at Dallas ("UTSW") pay Plaintiff Naiel Nassar, M.D. "back pay and benefits in the amount of $438,167.66 and compensatory damages in the amount of $300,000."[2] Absent from the Court's order was a requirement that UTSW pay Dr. Nassar prejudgment and post-judgment interest which was relief requested in Plaintiff's Motion for Entry of Final Judgment that the Court granted.

Dr. Nassar therefore files this Motion for Relief from the Judgment or, in the alternative, Motion to Amend or Alter the Judgment and asks this Court to modify the Judgment to include an award of

---

[1] Dkt. 176, Final Judgment, p. 15.

[2] *Id.*

prejudgment and post-judgment interest that was properly requested by Dr. Nassar and that is supported by the make-whole purposes of Title VII and the relevant caselaw.

## I.
### DR. NASSAR TIMELY SOUGHT PREJUDGMENT AND POST-JUDGMENT INTEREST

In his First Amended Complaint, Dr. Nassar pleaded for relief including prejudgment and post-judgment interest at the maximum allowable rate.[3]

In Dr. Nassar's Motion for Entry of Judgment, he sought interest as part of the relief to be granted in the Motion:

> "Thus, the court should order the clerk to enter judgment for Dr. Nassar against UT Southwestern Medical Center that includes back pay and compensatory damages awarded by the jury and front pay and attorney's fees to be decided by the court along with expenses, court costs, and *pre and post judgment interest at the maximum allowable legal rate.*"[4]

Of note, in UTSW's Response to Plaintiff's Motion, UTSW challenged the evidentiary basis for the verdict with respect to back pay and compensatory damages and asked the Court to deny Plaintiff's Motion, but UTSW never specifically objected to an award of interest.[5] Then in his Reply, Dr. Nassar again requested prejudgment and post-judgment interest to be awarded.[6]

Thus, the issue of prejudgment and post-judgment interest was pending before the Court as part of Plaintiff's Motion. As noted, the Court granted Plaintiff's Motion with the only modification of applying the cap to compensatory damages. The Court's granting of Plaintiff's Motion with no denial of the interest award should constitute a granting of Dr. Nassar's request for an award of prejudgment and post-judgment interest.

---

[3] Dkt. 11, Plaintiff's First Amended Complaint, p. 11, para. 26.

[4] Dkt. 148, Plaintiff's Motion for Entry of Judgment, p.2, para. 7.

[5] Dkt. 170, UTSW' Response to Plaintiff's Motion for Entry of Judgment.

[6] Dkt. 172, Plaintiff's Reply to UTSW's Response to Plaintiff's Motion for Entry of Judgment, p. 21.

## II.
## DR. NASSAR IS ENTITLED TO AN AWARD OF INTEREST

Dr. Nassar's claims arise under Title VII which the Supreme Court has held imposes a duty on courts to make Title VII complainants whole:

> "It is also the purpose of Title VII to make persons whole for injuries suffered on account of unlawful employment discrimination. This is shown by the very fact that Congress took care to arm the courts with full equitable powers. For it is the historic purpose of equity to 'secur(e) complete justice,'(W)here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' Title VII deals with legal injuries of an economic character occasioned by racial or other antiminority discrimination. The terms 'complete justice' and 'necessary relief' have acquired a clear meaning in such circumstances. Where racial discrimination is concerned, 'the (district) court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.'"[7]

In evaluating Dr. Nassar's claim for interest, the Court has the duty to excercise its discretion to make Dr. Nassar whole "as far as possible."

There is a strong presumption in favor of awarding prejudgment interest.[8] As this Court noted in *Kimberly-Clark Corp. v. Factory Mutual Ins. Co.*, "a prevailing plaintiff's request for an equitable award of prejudgment interest should be granted 'in all but exceptional circumstances.'"[9] Here, there is no exceptional circumstance that would necessitate the denial of an award of interest. On the contrary, the Court has the duty to make Dr. Nassar whole and "refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole."[10] Accordingly, Dr. Nassar as a prevailing Title VII plaintiff should be awarded interest to make him whole.

---

[7] *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975) (internal citations omitted); *see also Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 850 (2001) (favorably citing *Albermarle* and noting that front pay relief is "part of the 'make whole' relief mandated by Congress and by this Court in *Albemarle*.").

[8] *United States v. Ocean Bulk Ships, Inc.*, 248 F.3d 331, 344 (5th Cir. 2001).

[9] *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, 2007 WL 4245493, at *1 (N.D. Tex. Nov. 30, 2007) (Boyle, J.) (quoting *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir.1996)).

[10] *Thomas v. Tex. Dep't of Justice*, 297 F.3d 361, 372 (5th Cir. 2002).

A.   **Prejudgment interest should be applied to all damages and accrue from 9/1/06 .**

While the law establishes Dr. Nassar's right to interest, the question then becomes how to properly calculate it. The Fifth Circuit, in examining the issue of prejudgment interest under Title VII in *Thomas v. Texas Department of Justice,* held that "prejudgment interest should apply to all past injuries, including past emotional injuries."[11] Morever, in calculating the interest, courts must "calculate interest on back pay and past damages based on the date of the adverse employment action."[12] The facts in this case do not have a particular date certain for an isolated adverse employment action because there was a pattern of discrimination and retaliation. Thus Dr. Nassar proposes as a reasonable date to begin calculating prejudgment interest as the date he resigned, effecting his constructive discharge. The evidence establishes the date of his resignation as September 1, 2006.[13]

The Court has awarded back pay in the amount of $438,167.66 and compensatory damages in the capped amount of $300,000.[14] As noted in the Final Judgment, Dr. Nassar put on evidence of his damages, including,

> "among others, intangible injury in the form of harm to his professional reputation resulting from working at a less prestigious institution, the stigma that followed his assertion of rights under Title VII, and the loss of satisfaction and enjoyment that accompanied his constructive discharge from a job and patients that he found satisfying."[15]

In exercising the Court's equitable discretion with respect to the award of prejudgment interest, the Court can and should consider that the entire $300,000.00 of capped compensatory damages equitably represents past damages for loss of enjoyment of life and other past losses for which prejudgment interest

---

[11] *Id.*

[12] *Id.*

[13] Tr. Vol. 7, p. 56, ln. 21-25.

[14] Dkt. 176, Final Judgment, p. 15.

[15] *Id.* at p. 9.

should be awarded.[16] Thus, prejudgment interest should be awarded on the entire amount of $738,167.66.

Therefore, to make Dr. Nassar whole, the Court should award prejudgment interest on $738,167.66, beginning on September 1, 2006 and running until September 16, 2010.

**B.    The prejudgment interest rate should be 5% per annum, computed as simple interest.**

Title VII does not explicitly set forth a prejudgment interest rate. In this case, the interest rate for the calculation of prejudgment interest in this Title VII case should be the 5% statutory rate under Texas law. In a very recent case, United States Chief District Judge Sidney A. Fitzwater ordered that the prejudgment interest rate in a Title VII case should be 5% based upon the TEXAS FINANCE CODE:

> [Plaintiffs] recovered against [Defendant] on racially hostile work environment claims brought under § 1981 (and [one plaintiff] under Title VII, as well). In the absence of a federal statute that establishes the rate of prejudgment interest, state law guides the court's discretion in determining the interest rate. *See, e.g., Carrabba v. Randalls Food Mkts., Inc.*, 145 F.Supp.2d 763, 775 (N.D.Tex.2000) (McBryde, J.) (citing *Johnson & Higgins* and Tex. Fin.Code Ann. § 304.003(c) and holding, inter alia, that prejudgment interest accrued at rate for post-judgment interest and was computed as simple interest); *see also Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 (5th Cir.1991). Accordingly, the court holds that [plaintiffs] are entitled to recover prejudgment interest at the rate of 5% per annum, computed as simple interest."[17]

Judge Fitzwater's reliance on the Texas rate of 5% per annum, computed as simple interest in his Title VII case mirrors this Court's practice in using the statutory Texas rate in *Kimberly-Clark*,[18] mentioned

---

[16] Given that the jury awarded $3,187,500.00 in compensatory damages, the $300,000.00 capped number represents less than 10% of the amount awarded by the jury. It would be reasonable given the evidence that more than 10% of the compensatory damages included past damages for the loss of enjoyment of life, harm to his reputation, and other past damages–damages for which prejudgment interest should be awarded. As such, as a matter of fundamental fairness, the Court should award prejudgment interest on the entire capped figure of $300,000.00.

[17] *Wesley v. Yellow Transp., Inc.*, 2010 WL 3606095 *1 (N.D. Tex. Sept. 16, 2010) (Fitzwater, J.).

[18] *Kimberly-Clark Corp.*, 2007 WL 4245493, at *2 (noting that "the interest rate to be used in calculating prejudgment interest is determined by the Texas Consumer Credit Commissioner and is the Prime Rate, as determined by the Federal Reserve, if the Prime Rate falls between 5% and 15%. TEX. FIN.CODE ANN. § 304.103. Additionally, prejudgment interest is simple, rather than compound, interest.).

above, and in *Giddy Up, LLC v. Prism Graphics, Inc.*[19] Dr. Nassar requests that this Court exercise its discretion to make him whole by imposing an interest rate of 5% per annum based upon the statutory Texas rate.

C.      **Post-judgment interest should also be 5% per annum**.

This Court has previously held in a non-Title VII case that post-judgment interest is determined by 28 U.S.C. § 1961(a).[20] However, the Fifth Circuit has noted in applying Title VII principles that the district court has discretion to select an equitable rate of post-judgment interest and in so doing may depart from the federal rate: "we have approved the imposition of the federal rate of interest in Title VII cases as making a plaintiff whole, but [we have not] held that only the federal rate of interest is appropriate for this purpose."[21] The Fifth Circuit has previously affirmed a post-judgment rate of 5.88% per annum in a Title VII case.[22] Utilizing the same equitable discretion and reasoning as with prejudgment interest, Dr. Nassar requests that the Court award post-judgment interest rate at the 5% per annum rate as established by Texas statutory law and beginning from September 16, 2010.[23]

---

[19] *Giddy Up, LLC v. Prism Graphics, Inc.*, 2007 WL 3125312 *1 (N.D. Tex. Oct. 24, 2007) (Boyle, J.) (holding that "Under Texas law, courts are to rely on general principles of equity to determine prejudgment interest when there is no enabling statute regarding prejudgment interest. *Johnson & Higgins of Tex. Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998). The TEXAS FINANCE CODE does provide for prejudgment interest for damages arising from wrongful death, personal injury, and property damage claims; however, none of those claims are implicated here. TEX. FIN. CODE ANN. §§ 304.101-103 (Vernon 1998 & Supp. 2005). Yet, the Texas statutory scheme is still relevant, because the Texas Supreme Court in *Johnson & Higgins* held that common law prejudgment interest should resemble the prejudgment interest law enacted by the Texas legislature. 962 S.W.2d at 530-31."); *but see also Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (affirming the use of a 10% prejudgment and 5.407% post-judgment rate of interest as an appropriate use of the district court's discretion to impose interest to make a Title VII plaintiff whole. Also noting that, while the Fifth Circuit has approved the use of the federal rate in Title VII cases, it is not the only rate the a court can use in exercising its discretion).

[20] *Giddy-Up*, 2007 WL 3125312 *2.

[21] *Raspanti v. Caldera*, 34 Fed. Appx. 151 *2 (5th Cir. 2002).

[22] *Gloria v. Valley Grain Products, Inc.*, 72 F.3d 497, 498 (5th Cir. 1996).

[23] TEX. FIN. CODE § 304.003(c)(2).

---

III.

PLAINTIFF REQUESTS THAT THE COURT AMEND THE JUDGMENT TO AWARD INTEREST

This Court has the authority under the Federal Rules to amend or alter the judgment, and Plaintiff requests that consistent with the authority above that this Court amend or alter the judgment to award prejudgment and post-judgment interest.

A.   Motion for Relief from Judgment under Rule 60.

FEDERAL RULE OF CIVIL PROCEDURE 60 states that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."[24]  The Court "may do so on motion or on its own, with or without notice."[25]  The grounds for correcting a judgment are broad and including "(1) mistake, inadvertence, surprise, or excusable neglect… or (6) any other reason that justifies relief."[26]

Given that the Court granted Plaintiff's Motion for Judgment with the only limitation being application of the statutory cap on compensatory damages, it appears that the Court intended to grant the rest of the relief sought in Plaintiff's Motion, including prejudgment and post-judgment interest.  To the extent the Court intended to award interest, Plaintiff moves under Rule 60 for relief so that the judgment accurately reflects the Court's intention.   Therefore, Plaintiff files this Motion requesting that the Court correct the judgment to include an award of prejudgment and post-judgment interest.

---

[24] FED. R. CIV. P. 60(a).

[25] *Id.*

[26] FED. R. CIV. P. 60(b)(1), (6).

B. Motion to Amend or Alter the Judgment under Rule 59(e).

Dr. Nassar also moves to Amend or Alter the Judgment under Rule 59(e) as an alternative motion to his Motion for Relief from Judgment under Rule 60.[27] FEDERAL RULE OF CIVIL PROCEDURE 59(e) provides that a Motion to Alter or Amend a Judgment must be filed no later than 10 days after the judgment.[28] As the Court's judgment was signed on September 16, 2010, this Motion is timely.

A Rule 59(e) Motion to Alter or Amend the Judgment may be granted to correct an error or prevent a manifest injustice, among other reasons. For the reasons set forth above, Dr. Nassar submits that the failure to include an award of interest when entering judgment constitutes a manifest injustice to Dr. Nassar, who as a Title VII claimant, is to be made whole. Thus, Rule 59(e) is an appropriate vehicle to amend a judgment to include an award of interest. Just five days prior to this instant Motion and on the day this Court entered its Final Judgment, United States Chief District Judge Sidney A. Fitzwater granted a Motion to Alter or Amend Judgment to include an award of prejudgment interest, relying in part on this Court's own rulings.[29] Consistent with Judge Fitzwater's order and the previous rulings of this Court, Dr. Nassar respectfully requests that this Court grant his Motion to Alter or Amend the Judgment to include an award of prejudgment and post-judgment interest.

---

[27] Dr. Nassar seeks relief under Rule 59(e) in the alternative to the relief under Rule 60 because it is Dr. Nassar's belief that the Court intended to grant interest when it granted his Motion for Entry of Judgment. A Motion for Relief seems geared toward clarifying a judgment to conform to the Court's intention, whereas a Motion to Alter seems to address error. Dr. Nassar is aware that Rule 59(e) may be the proper vehicle and that the timing of the Motion may require treating the motion as a Rule 59(e). *See, e.g, In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). However, to afford the Court flexibility, relief is requested under both rules in the alternative.

[28] FED. R. CIV. P. 59(e).

[29] *Wesley v. Yellow Transp., Inc.*, 2010 WL 3606095 *1 (N.D. Tex. September 16, 2010) (Fitzwater, J.). In so granting the Motion to Alter or Amend Judgment to include an award of prejudgment interest, Judge Fitzwater quoted from this Court's opinion in *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.* that prejudgment interest "should be granted in all but exceptional circumstances."").

## III.
## P<span>RAYER</span>

Because the Final Judgment does not specifically award prejudgment and post-judgment interest as Dr. Nassar sought in his granted Motion for Entry of Final Judgment and as would be required to make him whole, Dr. Nassar respectfully requests that the Court amend the judgment to include an award of prejudgment interest, accruing on September 1, 2006 and running to September 10, 2010 on $738,167.66 at 5% per annum, and post-judgment interest on Dr. Nassar's total recovery, running at 5% per annum from September 16, 2010 until the judgment is paid in full.  Dr. Nassar also requests any further relief to which this Court deems him to be equitably entitled in awarding interest.

Respectfully submitted,

| | |
|---|---|
| /s/ Brian P. Lauten | /s/ Charla G. Aldous |
| BRIAN P. LAUTEN | CHARLA G. ALDOUS |
| Texas Bar No. 24031603 | Texas Bar No. 20545235 |
| AMY BRYANT LAUTEN | caldous@aldouslaw.com |
| Texas Bar No. 24011148 | BRENT R. WALKER |
| SAWICKI & LAUTEN, LLP | Texas Bar No. 24047053 |
| 4040 N. Central Expressway | bwalker@aldouslaw.com |
| Suite 850 | ALDOUS LAW FIRM |
| Dallas, TX 75204 | 2311 Cedar Springs Rd., Suite 200 |
| T: (214) 720-0022 | Dallas, Texas 75201 |
| F: (214) 720-0024 | T: 214.526.5595 |
| | F: 214.526.5525 |

ATTORNEYS FOR PLAINTIFF NAIEL NASSAR, M.D.

\*\*\*
CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2010, I electronically transmitted the attached document to the Clerk of the Court and all counsel of record using the ECF System for filing in accordance with this Court's ECF Order.

   /s/ Brent R. Walker
BRENT R. WALKER