UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAIEL NASSAR, M.D. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1337-B |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| PARKLAND HEALTH & HOSPITAL | § | |
| SYSTEM, BETH LEVINE, M.D., and | § | |
| J. GREGORY FITZ, M.D. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Naiel Nassar, M.D.'s ("Nassar") Motion for Relief from the Judgment or, in the Alternative, Motion to Amend or Alter the Judgment filed September 21, 2010 (doc. 178). Upon consideration of this Motion and University of Texas Southwestern Medical Center's ("UTSW") response thereto, as well this Court's Final Judgment of September 16, 2010 (doc. 176), the Court finds that Nassar's Motion to Amend should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Nassar is awarded prejudgment interest on the award for back pay and benefits in the amount of $46,397.75. Nassar is also awarded post-judgment interest on the award for back pay and benefits and the award for compensatory damages at the rate of 0.26%, calculated from the date of Final Judgment on September 16, 2010. However, the Court's Order of October 4, 2010 (doc. 182) stayed execution of Final Judgment until the end of any appeal of this action. Accordingly, execution of the award of prejudgment and post-judgment interest is **STAYED** until the conclusion of any appeal.

# I.

## PROCEDURAL HISTORY

This Court entered its Final Judgement on September 16, 2010, awarding Nassar back pay and benefits in the amount of $438,167.66 and compensatory damages in the amount of $300,000. Final J. 15 (doc. 176). Nassar timely sought prejudgment and post-judgment interest in his First Amended Complaint and also in his Motion for Entry of Judgment. First Am. Compl. ¶ 26 (doc. 11); Pl.'s Mot. Entry Final J. 2 (doc. 148). However, the Court's Final Judgment inadvertently did not address prejudgment and post-judgment interest. In response, Nassar filed the instant Motion, which UTSW opposes.

# II.

## LEGAL STANDARDS AND ANALYSIS

A.  *Prejudgment interest*

Prejudgment interest should be awarded in order to make the plaintiff whole, as a refusal to award prejudgment interest ignores the time value of money. *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 373 (5th Cir. 2002). A prevailing plaintiff's request for an equitable award of prejudgment interest should be granted "in all but exceptional circumstances." *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996) (quoting *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)) (applying Texas law). Further, "[w]here an action arises under federal law, 'it is within the discretion of the district court to select an equitable rate of prejudgment interest.'" *Raspanti v. Caldera*, 2002 WL 494939, *3 (5th Cir. Mar. 15, 2002) (quoting *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991)). The Fifth Circuit has also "approved the imposition of the federal rate of interest in Title VII cases as making a plaintiff whole,

but has not held that only the federal rate of interest is appropriate" for calculating prejudgment interest. *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (citing *Conway v. Electro Switch Corp.*, 825 F.2d 593, 600 (1st Cir. 1987)).

Nassar is entitled to prejudgment interest on his award of back pay and benefits. The Fifth Circuit has held that where a claim is governed by a federal statute and the statute is silent on the issue of prejudgment interest, "state law is an appropriate source of guidance." *Hansen*, 940 F.2d at 984 (quoting *United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1193 (5th Cir. 1987)); *see also Wesley v. Yellow Transp., Inc.*, 2010 WL 3606095, *2 (N.D. Tex. Sept. 16, 2010) (in Title VII case, "[i]n the absence of a federal statute that establishes the rate of prejudgment interest, state law guides the court's discretion in determining the interest rate"). Accordingly, the Court looks to Texas state law regarding prejudgment interest, as set forth in the Texas Finance Code Sections 304.003(a) and (c) of the Code provide that prejudgment interest shall accrue at the rate of 5% per year when the prime rate as published by the Board of Governors of the Federal Reserve System is less than 5%. *See Wesley*, 2010 WL 3606095, at *1 (applying 5% interest rate). The prime interest rate as of the date of Final Judgment, September 16, 2010, was 3.25%, and therefore an interest rate of 5% should accrue.[1] Under Texas law, the date a lawsuit is filed is a proper starting point for awarding prejudgment interest. *Wesley*, 2010 WL 3606095, at *1 n.5. The Court therefore calculates prejudgment interest computed as simple interest from August 4, 2008, when Nassar's complaint was filed, to the Court's Final Judgment on September 16, 2010. Using a 5% interest rate, interest on the

---

[1]Federal Reserve Statistical Release, Selected Interest Rates, Release Date September 13, 2010, found at http://www.federalreserve.gov/releases/H15/20100913/.

back pay award of $438,167.66 is $60.02 per day,[2] and 773 days passed from the filing of the complaint to the Final Judgment. Accordingly, Nassar is awarded $46,397.75[3] in prejudgment interest on the award of back pay and benefits.[4]

The Court, however, declines to award prejudgment interest on the award of compensatory damages. Prejudgment interest may be awarded only for past harms. *Thomas*, 297 F.3d at 373; *Boyle v. Pool Offshore Co.*, 893 F.2d 713, 719-20 (5th Cir. 1991). The jury instructions in this case as well as the Court's Final Judgment contemplate that compensatory damages in this case may include future pecuniary losses. Jury Instructions 4 (doc. 143); Final J. 8-10 (doc. 176); *see also* Mem. Op. and Order Sept. 16, 2010 at 6 (doc. 175) (lost honoraria or other compensation based on future speaking or lecturing engagements most appropriately viewed as compensatory damages as opposed to front pay). As such, the Court cannot discern what portion of the jury's compensatory damages award pertains to future harms. Given this inability, the Court declines to award prejudgment interest on the compensatory damages award.[5]

---

[2]($438,167.66 x 5%)/365 = $60.02

[3]773 x $60.02 = $46,397.75

[4]UTSW argues that the Court should not compute prejudgment interest from the date of Nassar's constructive discharge but should instead calculate it using a pro rata method. Def.'s Resp. 10-12. UTSW contends that calculating the amount of interest on the entire back pay award from the date of Nassar's constructive discharge is improper as "Plaintiff did not suffer $438,167.66 in damages on September 1, 2006," but rather over an almost four-year period. *Id.* at 12. Defendant cites no binding authority requiring a pro rata calculation. As the Court looks to Texas law for the calculation of prejudgment interest in this case, it calculates simple interest from the date of the filing of the complaint to the date of the Final Judgment. Wesley, 2010 WL 3606095, at *1 n.5.

[5]Defendant also argues that the Court may not award prejudgment interest on compensatory damages as that would result in an award in excess of the statutory cap. Def.'s Resp. 7-8. The Court does not reach this argument given that it declines to award prejudgment interest on compensatory damages based on its inability to ascertain what portion of the award for compensatory damages is attributable to future harms.

B.   *Post-Judgment Interest*

Regardless of whether a cause of action is based on state law or federal law, federal law determines post-judgment interest. *See Boston Old Colony Ins. Co. v. Tiner Assoc., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest applies even in diversity cases). The federal post-judgment interest rate ("federal rate") is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment. For the week ending September 10, 2010, the federal rate is 0.26%.[6] Therefore, the Court awards post-judgment interest on the $438,167.66 award for back pay and benefits and on the $300,000 award for compensatory damages at the rate of 0.26%, calculated from the date of the entry of judgment on September 16, 2010.[7] The Court notes that this award is unopposed by Defendant UTSW. Def.'s Opp'n at 5 n.2.[8]

### III.

### CONCLUSION

For the reasons stated above, Plaintiff Nassar's Motion for Relief from the Judgment or, in the Alternative, Motion to Amend or Amend or Alter the Judgment is **GRANTED IN PART** and **DENIED IN PART**. Nassar is awarded $46,397.75 in prejudgment interest on the award of back

---

[6] The applicable post-judgment interest rate for the week ending on September 10, 2010 is found at http://www.txnd.uscourts.gov/publications/interest/rate_2010_2014.html#2010.

[7] Post judgment-interest shall be compounded annually. 28 U.S.C. § 1961(b).

[8] Plaintiff Nassar requests that the Court use its discretion to award post-judgment interest in excess of the federal rate. Pl.'s Mot. 6. While it is clear that the Court does have the authority to award post-judgment interest in excess of the federal rate, *see, e.g.*, *Raspanti*, 2002 WL 494939, at *2-*3, it is not required, and the Court declines to exercise its discretion in such manner.

pay and benefits. Nassar is also awarded post-judgment interest on both his award of back pay and benefits and his award of compensatory damages at the applicable federal rate of 0.26%. These awards are **STAYED** until the end of any appeal pursuant to this Court's Order of October 4, 2010. The Court declines to award pre-judgment interest on Nassar's award of compensatory damages.

    **SO ORDERED**.

    SIGNED: November 3, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE