## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **NAIEL NASSAR, M.D.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UT SOUTHWESTERN HEALTH** | § | **CIVIL ACTION NO. 3:08-CV-1337-B** |
| **SYSTEMS a/k/a UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER,** | § | |
| **PARKLAND HEALTH & HOSPITAL** | § | |
| **SYSTEM, BETH LEVINE, M.D., and J.** | § | |
| **GREGORY FITZ, M.D.,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO AWARD FRONT PAY AND
## BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE JUDGE JANE BOYLE:**

      **COMES NOW, PLAINTIFF, Naiel Nassar, M.D.,** and moves this Honorable Court for an

Award of Front Pay and Brief in Support thereof and would shows this Court as follows:

### I.
### Summary of Argument

The Fifth Circuit has issued its mandate and this Court now has subject matter jurisdiction. This Court previously denied Naiel Nassar, M.D.'s ("Dr. Nassar") request for front pay; however, Dr. Nassar appealed that ruling to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit did not address Dr. Nassar's point of error, but it held that the issue could be decided on remand in conjunction with the re-calculation of the damages. *Nassar v. UTSW*, 674 F.3d 448, 455 (5th Cir. 2012). On remand to this Court, front pay should be awarded because equity favors the full measure of damages authorized under Title VII. 42 U.S.C. § 2000e-5(g)(1). Reinstatement is not feasible and front pay is therefore a preferred remedy. The stigma attached to Dr. Nassar's reputation impairs his ability to pursue future salary increases and the cap on compensatory damages reduced the jury's verdict by $2,887,500. These facts strongly weigh in favor of an award of front pay.

## II.
## Argument & Authorities

### A.
### Front Pay Must be Awarded

"Front pay refers to future lost earnings." *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865

F.2d 1461, 1469 (5th Cir.), *cert. denied*, 493 U.S. 842 (1989). Front pay also includes future lost

benefits. *E.E.O.C. v. E.I. Dupont de Nemours, Inc.*, 480 F.3d 724, 732 (5th Cir. 2007). Front pay is

not a redundant form of compensatory damages. Consequently, most circuits have noted that,

because it is in fact equitable in nature, front pay is not subject to the cap. *Giles v. Gen. Elec. Co.*,

245 F.3d 474, 490 f.n. 28 (5th Cir. 2001). Hence, front pay is a separate form of damages to ensure

that a Title VII victim is made whole.

While front pay is within the District Court's sound discretion (*Shirley v. Chrysler First,*

*Inc.*, 970 F.2d 39, 44 (5th Cir. 1992)), a fair and appropriate remedy should "be exercised with a

view to making victims of discrimination *whole*." *Garza vs. Brownsville Independent School Dist.*,

700 F.2d 253, 255 (5th Cir. 1983) (emphasis added). "Dr. Nassar is entitled to be made whole for

the damages arising from *each of his distinct damages* caused by" UTSW's "unlawful employment

practices." R. 3764 (Boyle, J.) (emphasis added).

In the case at bar, front pay must be awarded because equity favors the full measure of

damages authorized under Title VII. *See* 42 U.S.C. § 2000e-5(g)(1) (Courts may award front pay

and "other equitable relief as the court deems appropriate."). A unanimous jury awarded

$3,187,500.00 in compensatory damages. R. 1890. However, the cap reduced the compensatory

damages to $300,000. R. 3774. Therefore, the University of Texas Southwestern Medical Center at

Dallas ("UTSW") has already received an automatic reduction of $2,887,500 in damages that are

owed to Dr. Nassar and the issue of appropriate compensatory damages is now within the discretion

of this Court on remand. *See id.*

"The most obvious way to make a plaintiff whole is to award back pay denied by termination and then reinstate the plaintiff, thereby negating the effect of the unlawful termination." *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991). Although reinstatement is the preferred remedy, "front pay may be awarded if reinstatement is not feasible." *Id.* at 870. Reinstatement is infeasible where "a hostile relationship exists between the employer and the plaintiff." *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 526 (5th Cir. 2001). Once the District Court makes a "precedent finding" that reinstatement is not feasible, front pay may, and usually is, awarded. *Hansard*, 865 F.2d at 1469. "Front pay is *usually appropriate* when a plaintiff is discharged in violation of . . . [Title VII] and not reinstated by the Court." *Reneau*, 945 F.2d at 870 (emphasis added). And front pay is appropriate wherein a plaintiff's Title VII rights have been undermined by unlawful retaliation. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44-45 (5th Cir. 1992) (affirming an award of front pay in Title VII retaliation case); *Manuel v. Texas State Technical College*, 294 F.Appx. 852, 853-854 (5th Cir. 2008) (holding same).

Here, this Court *found* that UTSW's retaliation against Dr. Nassar "*precludes reinstatement.*" R. 3764 (emphasis added). The Fifth Circuit affirmed the jury's finding of retaliation. In *Reneau*, the Fifth Circuit vacated an order denying front pay where, as here, the District Court made a similar finding that reinstatement was not feasible. *Reneau*, 945 F.2d at 870. Dr. Nassar has not been made whole because the compensatory damages awarded by the jury were reduced by over 90% by the cap and the damages are now subject to re-calculation within the cap by this Court, Dr. Nassar has not been reinstated at either UTSW or at Parkland, and Dr. Nassar has not been compensated for his future losses which are substantial as he is a physician with highly specialized expertise.

3

**B.**
**There is Uncontroverted Evidence of Future**
**Lost Earnings Requiring an Award of Front Pay**

"[A]s a prospective make-whole remedy, front pay at best can *only* be calculated through intelligent guesswork." *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990) (emphasis added) [citations omitted]. "Calculations of front pay cannot be totally accurate because they are prospective and *necessarily speculative* in nature." *Reneau*, 945 F.2d at 870 (emphasis added); *see also Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 45 (5th Cir. 1992) (holding that front pay awards are "necessarily speculative" and upholding an award of two years of front pay). "The Courts *must* employ intelligent guesswork to arrive at the best answer." *See Reneau*, 945 F.2d at 870 (emphasis added) [citations omitted].

In *Reneau*, the Fifth Circuit held the plaintiff's evidence that she made $4.95 an hour, collected $1,400 in unemployment compensation, and earned $7,967.65 from other employment – was "*substantial evidentiary support* for calculating a front pay award." *Id.* at 870 (emphasis added). The Fifth Circuit reversed the denial of front pay and remanded to the District Court noting that, on remand, it was "not bound to any particular award for any set period of time." *Id.* at 871. The Fifth Circuit has approved an award of front pay for a five-year period. *See Deloach*, 897 F.2d at 822 (approving five years of front pay); *see also Jackson v. Host Intern., Inc.*, 2011 WL 211964 *7 (5th Cir. 2011) (holding the District Court appropriately awarded $455,000 in front pay for a five year period for a victim of discrimination).

Approximately seven years after *Reneau* was decided, the Fifth Circuit in *Shapiro v. Kelly*, 141 F.3d 1163, *7-8 (5th Cir. 1998), held that a 73 year old gentleman who was a victim of age discrimination was entitled to front pay for 1.39 years of his remaining life expectancy, which totaled $178,401.75. *See id.* at *7-8. *Shapiro* rejected the employer's argument that a front pay award was too speculative and held that this category of damages furthered the legitimate aims of

4

Title VII in making the victim whole, albeit the plaintiff was already 73 years-old.

Five years after *Shapiro*, the Fifth Circuit held that, because front pay is necessarily speculative, this is a risk that should be borne by the discriminating *employer* – in this case UTSW – not by Dr. Nassar. *See Julian v. City of Houston, Texas*, 314 F.3d 721, 729 (5th. Cir. 2002) ("Because the jury found that the City denied Julian a promotion on the basis of his age, the fact that calculating front pay involves some degree of speculation *is a risk that the City must bear as a proven discriminatory employer*."). In *Julian*, the Court of Appeals reversed the denial of front pay in favor of a firefighter who had been discriminated against because of his age and remanded to the District Court for an appropriate award. *Id.* at 729.

Even assuming *arguendo* the Court's analysis may require some minor component of either "intelligent guesswork" or "speculation" in determining Dr. Nassar's future economic losses – this is a risk that UTSW undertook when it made a decision to retaliate against a highly specialized physician at the expense of the HIV patient population in Dallas County. *Id.* Dr. Nassar proved his yearly wage, the benefits he would have received, and the amounts earned at inferior employment – this exceeds the evidentiary showing necessary for an award of front pay. Dr. Nassar, only 49 years-old at the time of trial, testified that he would lose approximately $200,000 per year in wages and benefits as a result of UTSW's conduct, and he confirmed at least 21 more years of working during which he would have that annualized damage. R. 3515-3517. Even if this Court awarded 21 years of future economic losses here, that is still three years of compensation shy of the plaintiff's age in *Shapiro* wherein the Court of Appeals held that front pay was still required going forward there based upon a life expectancy of 74 years.

As United States District Judge Jane Boyle noted, "in assessing future losses, the amount he [Dr. Nassar] would have earned from Parkland is a relevant consideration." R. 3764 (¶ 2). Dr. Nassar would have made $185,000 at Parkland in base salary plus benefits. PX 16; R. 3504. This

does not require intelligent guesswork; rather, it is an *undisputed* fact what Parkland would have paid Dr. Nassar because it put the offer letter in writing before the retaliation occurred. *See* PX 16. Dr. Nassar testified that the benefits he would have received are worth 25% to 30% of his would-be salary. R. 3504. Dr. Nassar would have earned $240,500 per year, which includes salary plus benefits. R. 3504 ($185,000 [ salary] x 30% [value of benefits] = $240,500).

Dr. Nassar testified that the benefits included medical insurance, dental insurance, vision coverage, for himself and his family, and a 401K pension plan. R. 3504-3505. Dr. Nassar's offer at Parkland included a cost-of-living-adjustment of 3% per year that added $9,620 per annum to Dr. Nassar's salary and benefits after the first year of salary. R. 3509. Dr. Nassar testified that his damages were approximately $400,000 every two years (approximately $800,000 over four years). R. 3512.

Dr. Nassar's evidence exceeds the limited evidentiary showing the Fifth Circuit held was acceptable in *Reneau*, which resulted in a reversal of the denial of front pay. UTSW did not put forth *any* controverting evidence to dispute Dr. Nassar's future losses. Dr. Nassar's testimony is not speculative because it was predicated upon over two decades of clinical experience in infectious disease medicine, over eight years on the UTSW faculty *prior* to the retaliation the jury found, and his offer of employment from Parkland states *exactly* what he would have made but for the retaliation. R. 2327-2340; PX 3, 16; FED. R. EVID. 602 (testimony based upon personal knowledge is not speculative).

This Court should re-consider the denial of front pay and make a determination of how many years worth of front pay is reasonable based on the evidentiary record supporting Dr. Nassar's annualized loss of pay and benefits at $200,000 per year so that Dr. Nassar will be made whole.

Case 3:08-cv-01337-B   Document 206   Filed 07/30/12   Page 7 of 9   PageID 4134

## C.
### The Stigma Attached to Dr. Nassar's Reputation
### Impairs his Ability to Pursue Future Salary Increases

The injury to Dr. Nassar's reputation – while an intangible injury – is germane to front pay because he is a physician with very unique and specialized expertise and that injury will impede his ability to pursue future salary increases. PX 3. If Dr. Nassar attempts to pursue higher paying employment, he must disclose UTSW as a former employer (PX 3) and Dr. Fitz admitted that physicians frequently contact each other nationwide in the hiring phase. R. 3574-3576.

Dr. Fitz conceded that a physician who makes a discrimination claim and pursues a lawsuit could, and probably would be stigmatized in pursuing future employment. R. 3577-3578. In pursuing future employment, Dr. Nassar stated that because he worked for UTSW he would probably receive a negative reference and be perceived as a physician who creates problems. R. 3522-3523. This interference with higher paying employment in the future has *already happened* in the past when Dr. Nassar pursued employment with Parkland. The jury made a unanimous finding of retaliation and that finding was undisturbed on appeal to the Fifth Circuit. These facts establish that equity requires an award of front pay.

Dr. Nassar is entitled to a fair and reasonable award of front pay. Accordingly, Dr. Nassar moves the Court for re-consideration of its prior ruling.

## III.
## Conclusion

In conclusion, this Court should re-consider its prior ruling and award Dr. Nassar front pay in the interests of fairness and equity.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Honorable Court award front pay to Dr. Nassar and that Dr. Nassar be granted all such other relief whether in law or in equity upon which he may show himself justly entitled.

Respectfully Submitted,

**SAWICKI & LAUTEN, L.L.P.**

**BRIAN P. LAUTEN**
State Bar No. 24031603
**AMY BRYANT LAUTEN**
State Bar No. 24011148
4040 N. Central Expwy, Suite 850
Dallas, Texas 75204
214-720-0022 telephone
214-720-0024 facsimile

**ALDOUS LAW FIRM**
**CHARLA ALDOUS**
State Bar No. 20545235
2305 Cedar Springs Road, Ste. 200
Dallas, Texas 75201
(214) 526-5595 telephone
(214) 526-5525 facsimile

**ATTORNEYS FOR PLAINTIFF**
**NAIEL NASSAR, M.D.**

8

## CERTIFICATE OF SERVICE

In accordance with Rule 5b of the Federal Rules of Civil Procedure, the undersigned attorney hereby certifies that a copy of the foregoing instrument was served on all parties through the ECF filing system on this the ___30___ day of July, 2012.

**BRIAN P. LAUTEN**
**ATTORNEY FOR PLAINTIFF**