UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAIEL NASSAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1337-B |
| | § | |
| PARKLAND HEALTH & HOSPITAL SYSTEM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEDIATION ORDER

On August 7, 2013, an Order of the United States Court of Appeals for the Fifth Circuit (doc. 219) was filed in this Court. The Fifth Circuit's Order was entered pursuant to the United States Supreme Court's decision to grant certiorari, vacate, and remand this case for further consideration, based on the Supreme Court's clarification that Title VII retaliation claims must be proved according to principles of but-for causation. In light of the Supreme Court's decision, the Fifth Circuit has now vacated this Court's judgment in this action in its entirety and has remanded for further proceedings consistent with the opinion of the Supreme Court.

In light of the appellate court's mandate that the prior proceedings in this action be vacated, this Court concludes that, in the interests of fairness and efficiency, it is most appropriate to submit this case to mediation prior to requiring the parties to initiate further proceedings in this case. *See* 28 U.S.C. § 473(a)(6), (b)(4); Civil Justice Expense and Delay Reduction Plan of the Northern District of Texas, Chap. III (2002); *see also* Tex. Civ. Prac. & Rem. Code §§ 154.001 *et seq*.

As the parties are aware from the Court's December 15, 2008 Mediation Order (doc. 30), mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third party facilitator, *i.e.*, the mediator. All proceedings in a mediation session are confidential and privileged from discovery. No subpoenas, summons, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the parties unless agreed otherwise. The named parties shall be present during the entire mediation process and each party that is not a natural person must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, *i.e.*, not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented). Counsel and the parties shall proceed in a good faith effort to try to resolve this case. Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled.

The Court has selected **Jeff Kaplan of JAMS, 8401 North Central Expressway, Suite 610, Dallas, Texas 75225,** as the parties' mediator. The parties should ensure that **Jeff Kaplan** receives this Order. The mediator is directed by the Court to complete the attached Alternative Dispute Resolution Summary Form and file it with the clerk of court within ten (10) days after the mediation session is completed. Along with that form, if the case has not settled, the mediator should submit a brief confidential letter to the Court containing the mediator's view of the continuing likelihood of settlement and any other observations, without disclosing anything confidential from the mediation, that the mediator believes the Court could find helpful. *If the*

*mediator has not already done so, he is required to register for electronic notice with the Court within ten (10) days from the date of this Order.* More information about the Court's Electronic Notice System may be found at http://www.txnd.uscourts.gov/filing/ecf.html.

The Court hereby **ORDERS** the parties to complete the mediation no later than **MONDAY, DECEMBER 16, 2013**. Failure to comply in good faith with the requirements of this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

**SO ORDERED**.

**SIGNED: August 16, 2013.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE